Satvir SINGH, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71699.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Seattle, WA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Michelle Thresher, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Satvir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding given the inconsistencies regarding Singh's political affiliation that went to the heart of his claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where credibility findings went to key elements of the asylum application, including membership in a persecuted group).

Because the IJ's credibility determination is supported by substantial evidence, it was reasonable for the IJ to consider the fact that Singh offered little corroborating evidence. *See Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir.2001). Accordingly, Singh failed to establish eligibility for asy-

lum or withholding of removal. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998).

Singh's contention that the BIA's use of the summary affirmance procedure denied him due process is foreclosed by *Falcon–Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.